UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | No. 3:10-00232 |
| ) | JUDGE HAYNES |
| ) | |
| TIMOTHY JACKSON ) | |

**MOTION AND INCORPORATED MEMORANDUM TO COMPEL DISCOVERY REGARDING MEETINGS WHERE CRIMINAL PROSECUTION WAS CONTEMPLATED BY GOVERNMENT AGENCIES AND ATTORNEYS**

Undersigned counsel for Defendant Jackson hereby move this Honorable Court to compel the Government to provide Discovery and information pertaining to an April 2008 meeting involving various Government agencies, attorneys, and investigators. The defense is specifically aware of an April 2008 meeting, due to recent disclosures by the Government in their filings in the instant case. However, the defense believes there may also have been other, undisclosed meetings and communications indicating a "working arrangement" between Government agencies in this matter, both before and after that April 2008 meeting.

Based on recent disclosures by the Government prosecutors, the defense is aware of an April 2008 meeting where criminal prosecution of Mr. Jackson was discussed and contemplated. Therefore, the Defendant seeks to compel Discovery as to (1) What individuals were present at the April 2008 meeting, including names, titles, agencies, and contact information by which to serve subpoenas; (2) The date of the meeting and substance of discussions regarding criminal prosecution; (3) What specific agencies were represented at the meeting; (4) The purpose of each agency's presence; (5) Any paperwork, memoranda, files or other documents in which a criminal prosecution was contemplated or discussed by any agency prior to the instant Indictment.

This Motion to Compel is brought pursuant to the Due Process Clause of the United States Constitution, Rule 16 of the Federal Rules of Criminal Procedure, L. Cr. R. 16.01 of the Local Rules for the Middle District of Tennessee, and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194 (1963). In support of this motion, undersigned counsel submits the certification required by L. Cr. R. 12.01(a), filed contemporaneously with this motion, and would show the following:

1. The Defense respectfully incorporates herein the defense factual background in support of numerous defense motions, which references Government proceedings against Mr. Jackson over the past decade in Case No. 3:01-CV-00170. Docket No. 59. The defense asks the Court to take judicial notice of the prior, so-called "civil" contempt proceedings the Government has previously undertaken against Mr. Jackson in Case No. 3:01-CV-00170.

2. The Defense has filed pretrial Motions which require the defense to file the instant Motion to Compel. These include: Motion to Dismiss Indictment and Prosecution With Prejudice Due to Prejudicial Delay (Docket Nos. 60, 61); Motion to Dismiss Indictment and Prosecution with Prejudice Due to Double Jeopardy (Docket Nos. 62, 63); Motion to Dismiss Indictment with Prejudice, or in the Alternative, to Suppress Evidence, Based upon Government Improperly Obtaining Evidence and Statements in Violation of the Defendant's Fifth and Sixth Amendment Rights, Contrary to Proper Administration of Justice (Docket Nos. 72, 73 & 99).

3. In light of issues properly raised by the defense in the Motions to Dismiss, it is imperative that this Court be allowed to hear evidence of a "working arrangement" between Government agencies, and of the timing of the Government lawyers' decision to pursue criminal action against Mr. Jackson. The Government is currently refusing to provide the defense with any information about the April 2008 meeting, despite repeated requests, and the defense thus cannot present any evidence to the Court about the timing and nature of the instant prosecution.

4. In essence, this Court must be able to establish when Mr. Jackson became a target for potential criminal prosecution, and to then determine whether the Government actions violated Mr. Jackson's rights. Moreover, the Court must be able to establish whether there was a "working arrangement" between Government attorneys and investigators so that the Court can assess issues related to pre-indictment delay, Speedy Trial, Double Jeopardy, violations of the Defendant's Fifth and Sixth Amendment Rights, actions by the Government contrary to the proper administration of justice, and other matters raised by the defense (*See* Docket Nos. 60, 61, 62, 63, 72, 73 & 99).

5. Specifically, cases and precedent cited by both the defense and prosecution turn on whether and when the Government was contemplating a criminal prosecution, and whether and when the Government made the Defendant aware of the contemplated criminal prosecution during civil actions. *See United States v. Kordel,* 397 U.S. 1, 12, 90 S. Ct. 763, 770 (1970) (Holding that the "impropriety" of intertwined criminal and civil actions by the Government increases where the Government has "failed to advise the defendant in its civil proceeding that it contemplates criminal prosecution."); *See also United States v. Scrushy,* 366 F. Supp. 2d 1134, 1139-1140 (N.D. Ala. 2005); *United States v. Parrot,* 248 F. Supp. 196, 200 (D.D.C. 1965)).

6. In footnote 3 of United States' Second Omnibus Response to the Defendant's Pretrial Motions, filed on December 27, 2011, the Government for the first time acknowledged both that criminal prosecution was contemplated as early as April 2008, and that there was a working arrangement between civil and prosecutorial agencies:

> In April 2008, representatives of the FTC met with Assistant United States Attorneys and Postal Inspectors at the USAO [United States Attorney's Office] in Nashville. The FTC staff suggested that Jackson's conduct was criminal and raised the possibility a criminal investigation/prosecution. While the USAO opened a criminal file and took certain preliminary steps, it did not being a criminal investigation in earnest or participate in the ongoing FTC civil contempt

3

> investigation. It was not until after the January 2009 civil contempt hearing that the matter was referred to the Office of Consumer Litigation (now called the Consumer Protection Branch), a component of the Department of Justice in Washington, D.C. And only then did the criminal investigation that led to the current indictment begin in earnest.

Docket No. 100, p. 5, fn 3.

7. Therefore, the Government has now newly disclosed that Mr. Jackson's criminal prosecution was considered at least as early as April 2008, six months before the FTC even filed its so-called "civil" contempt proceedings against Mr. Jackson and Grant Info Systems (*See* Case No. 3:01-CV-00170, Docket Nos. 89-106),

8. This newly disclosed information from the Government is obviously favorable evidence for the defense in a number of ways, and it is essential that the defense be permitted to obtain Discovery about this, and any other such, meeting[s] and relationship[s] between the Government agencies that have been prosecuting Mr. Jackson. Certainly, the Government's new disclosure supports the defense arguments in the Motions to Dismiss (*See* Docket Nos. 60, 61, 62, 63, 72, 73 & 99). Moreover, additional Discovery about this meeting will almost certainly be exculpatory at trial, and in support of other Motions before the Court.

9. Since learning of the meeting, and as required by Local Rules pertaining to Discovery, defense counsel have repeatedly requested in good faith that the Government disclose additional Discovery and information, including the date of the April 2008 meeting, the persons present at the meeting, and any documents generated at that meeting pertaining to the issue of Mr. Jackson's criminal liability. (*See Attached* **Exhibit A**, Letter to AUSA David Sullivan and AUSA Ty Howard, dated January 11, 2012).

10. Counsel sent this letter to the Government in part so as to subpoena witnesses to the pretrial motions hearing, and so as to comply with the *Touhy* regulations (28 C.F.R. §16.21 *et*

4

*seq*.) for subpoenaing government agents to the hearing and possibly the trial, as well. Moreover, there is a possibility that one of the current prosecutors in the instant case has become a witness in the instant case, by attending that 2008 meeting or other such meetings, or by otherwise seeking to derive a strategic advantage through the prior civil proceedings.

11. In response to defense requests, the Government has refused to provide <u>any</u> additional information about the April 2008 meeting, or about any other information related to the timing of the decision to pursue this criminal action. (*See Attached* **Exhibit B**, Letter to Jodie Bell, dated January 24, 2012).

12. Following these good faith efforts at obtaining Discovery, defense counsel has since attempted to negotiate a stipulation pertaining to the April 2008 meeting, so as to establish facts necessary for this Court to address and consider the issues raised by the pretrial Motions. The Government responded, "[t]he government respectfully maintains that your motion on this subject neither has any merit nor justifies a hearing. Under the circumstances, we cannot enter any stipulations." (*See Attached* **Exhibit C**, E-mail correspondence from Ty Howard to Jodie Bell, dated February 2nd and 3rd, 2012).

13. Given the issues raised in the Motions to Dismiss filed by Mr. Jackson, and likely to be raised at trial should those Motions be denied, the timing of meetings amongst Government agents is material and necessary to the preparation of Mr. Jackson's defense.

14. The United States Supreme Court has established that a criminal defendant's right to due process imposes upon the government an obligation "to turn over evidence in its possession that is both favorable to the accused and material to guilt…" *Pennsylvania v. Ritchie,* 480 U.S. 39, 57, 107 S.Ct. 989 (1987); *Brady, supra,* 373 U.S. at 87, 83 S.Ct. at 1196. The existence of a meeting as early as April 2008, where the instant criminal prosecution of Mr.

Jackson was contemplated, is relevant and material to the issues before this Court.

15. To wit, the Government's recent admission shows that the instant criminal prosecution of Mr. Jackson for criminal contempt was obviously contemplated well before the FTC filed so-called "civil" contempt proceedings against Grant Info Systems and Mr. Jackson in the prior "civil" action. Moreover, attorneys and investigative agents for both the FTC and USAO knew that a criminal prosecution was planned throughout the pendency of the so-called "civil" proceedings, and actually met to discuss the civil and criminal proceedings.

16. The Government's disclosures about that meeting already provide compelling evidence that the civil proceeding may have been merely a mechanism used by the Government to gather evidence to use against Mr. Jackson in the criminal proceeding. This is directly relevant to the Court's consideration of the Motions to Dismiss.

17. The Government's disclosures about that meeting already provide compelling evidence that criminal prosecutors and FTC attorneys knowingly failed to advise either Mr. Jackson, or the Court, of the looming criminal prosecution, even as they prosecuted him for so-called "civil" contempt. They thus made a conscious choice to abrogate Mr. Jacksons's Fifth and Sixth Amendment rights, and to allow him to proceed without appointed counsel.

18. In light of all the foregoing, and the Government's unwillingness to provide Discovery or stipulations, the defense is compelled to move this Court to Order the Government to make the requested disclosures, so the defense can develop the record at hearings on defense motions. Without such an Order, the defense will be unable to present an effective defense, and the Court will have insufficient evidence to rule on defense Motions. The unwillingness of the Government to provide the discovery has thus infringed Mr. Jackson's Constitutional right to present a defense, and prevented the Court from considering the merits of defense Motions.

Based on the foregoing, Mr. Jackson requests that this Honorable Court either grant the defense Motions to Dismiss, as set out above, or in the alternative, grant this Motion to Compel and Order that the government provide information as to the following: (1) What specific individuals were present at the April 2008 meeting, including their names, titles, agencies they represent, and current contact information through which to serve a subpoena; (2) The date of the meeting and the substance of the discussions regarding criminal prosecution; (3) What specific agencies were represented at the meeting; (4) The purpose of each agency's presence; (5) Any paperwork, memoranda, files or other documents in which a criminal prosecution was contemplated or discussed by any agency prior to the instant Indictment.

Mr. Jackson further requests a bifurcated hearing on these issues, and leave of Court to subpoena the disclosed necessary Government witnesses.

Respectfully submitted,

 s/ Jodie A. Bell_____
JODIE A. BELL, No. 18336
Bell, Tennent & Frogge, Pllc
Bank of America Plaza
414 Union Street, Suite 904
Nashville, Tennessee 37219
(615) 244-1110
(615) 244-1114  facsimile


s/ William J. Steed, III_____
WILLIAM J. STEED, III, No. 20535
Jones, Hawkins & Farmer, Plc
150 Fourth Avenue North, Suite 1820
Nashville, Tennessee 37219
(615) 726-0050
(615) 726-5177  facsimile

7

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing Motion was filed electronically and served on Assistant U.S. Attorney Ty Howard, Suite A-961, 110 Ninth Avenue, South, Nashville, Tennessee 37203 and David Sullivan , U.S. Department of Justice, Office of Consumer Litigation, 450 5th Street, NW, Suite 6400 South, Washington DC 20001.

      This the 9th day of February, 2012.

                                              /s/ Jodie A. Bell
                                              JODIE A. BELL